IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DAVID LAPIERE,

                    Plaintiff,

             v.                              CASE NO.  11-3119-SAC

BOURBON COUNTY JAIL,

                    Defendant.

## O R D E R

        This civil rights action, 42 U.S.C. § 1983, was filed by an inmate of the Bourbon County Jail, Ft. Scott, Kansas.  Plaintiff claims that "Bourbon County Jail Administration" on "numerous occasions" read his mail, rejected his mail, returned his mail to sender without cause and without giving him notice, and tampered with his mail.  Plaintiff specifically refers to two letters.  Mr. Lapiere asserts violation of his privacy and due process rights and seeks "financial compensation."


## FILING FEE

        The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees.  Mr. Lapiere is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund

account as authorized by 28 U.S.C. § 1915(b)(2).[1]  Furthermore, §
1915 requires that a prisoner seeking to bring a civil action
without prepayment of fees submit a "certified copy of the trust
fund account statement (or institutional equivalent) for the
prisoner for the 6-month period immediately preceding the filing" of
the action "obtained from the appropriate official of each prison at
which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).
This must be obtained by the plaintiff from each institution or jail
at which he was confined during the relevant time period.  Plaintiff
has provided a financial statement for a single day.  This action
may not proceed until plaintiff provides the financial information
required by federal law.  He will be given time to do so, and is
forewarned that if he fails to comply with the provisions of § 1915
in the time allotted, this action may be dismissed without further
notice.

**SCREENING**

        Because Mr. LaPiere is a prisoner, the court is required
by statute to screen his complaint and to dismiss the complaint or
any portion thereof that is frivolous, fails to state a claim on
which relief may be granted, or seeks relief from a defendant immune
from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened
all materials filed, the court finds the complaint is subject to
being dismissed for reasons that follow.

        Plaintiff has not named a person as defendant.  "To state a

---

[1]        Pursuant to §1915(b)(2), the Finance Office of the facility where
plaintiff is currently confined will be authorized to collect twenty percent (20%)
of the prior month's income each time the amount in plaintiff's inmate account
exceeds ten dollars ($10.00) until the filing fee has been paid in full.

claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). The only named defendant is "Bourbon County Jail." This defendant is clearly subject to being dismissed for the reason that the jail facility is not a "person" subject to suit under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989)(neither state nor state agency is a "person" which can be sued under Section 1983); Davis v. Bruce, 215 F.R.D. 612, 618 (D.Kan. 2003), *aff'd in relevant part*, 129 Fed.Appx. 406, 408 (10th Cir. 2005). Plaintiff must name as defendant(s) the person or persons who actually handled his mail in the allegedly improper manner. In addition, he must describe each individual defendant's personal acts that show his or her personal participation in the denial of his federal constitutional rights.

Mr. LaPiere has not alleged sufficient facts to support his claims, including the dates of each incident of mail mishandling and descriptions of the mail in question. "Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Mr. LaPiere does not allege sufficient facts to show the factual basis for his claim that the handling of his mail on two occasions amounted to an federal constitutional violation.

Plaintiff is given time to cure these deficiencies in his complaint. If he fails to do so within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted twenty (20) days in which to submit a certified statement of his inmate account for the appropriate six-month period in support of

4

his Motion to Proceed Without Prepayment of Fees.

**IT IS FURTHER ORDERED** that within the same twenty-day period plaintiff is required to cure the deficiencies in his complaint discussed herein, or suffer dismissal of this action.

**IT IS SO ORDERED**.

Dated this 20th day of July, 2011, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge