```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**DAVID LAPIERE,**

                            **Plaintiff,**

              v.                    CASE NO.  11-3119-SAC

**BOURBON COUNTY JAIL,**

                            **Defendant.**

### O R D E R

In this civil rights action, 42 U.S.C. § 1983, plaintiff generally claims that Bourbon County Jail officials read his mail, rejected his mail, or returned his mail to sender without cause and without giving him notice. He asserts violation of his privacy and due process rights and seeks "financial compensation." The matter is before the court upon plaintiff's response to the court's screening order entered herein on July 20, 2011.

Plaintiff has complied with the court's Order to submit financial information in support of his motion to proceed without prepayment of fees. He was informed in the court's prior Order that the fee for filing a civil rights complaint is $350.00, and that being granted leave to proceed without prepayment of fees would not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's inmate account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

Section 1915(b)(1) also requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Plaintiff shows the court that he was only incarcerated for three months prior to the filing of this complaint. Having examined the limited, available records of plaintiff's account, the court finds that the average monthly deposit to plaintiff's account over that three-month period was $152.00, and the average monthly balance was less. The court therefore assesses an initial partial filing fee of $30.00, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

Plaintiff was also given the opportunity to cure those deficiencies found in his complaint upon initial screening. In its prior Order the court found that Mr. LaPiere had not named a proper defendant and had not alleged sufficient facts to state a federal constitutional claim. He has since provided the names of two individuals, which he apparently intends to name as the only two defendants. He also provides two dates. However, he still has provided no description of the alleged incidents of mail mishandling or of the mail in question. Nor has he sufficiently

2

described what acts each individual he seeks to name as a defendant took that allegedly violated his constitutional rights. In addition, he has failed to allege sufficient facts to show that the mishandling of his mail on two occasions amounted to an federal constitutional violation. Plaintiff exhibits a grievance with a response, which indicates that he was attempting to receive pornographic materials. He offers no explanation as to how his not being allowed to receive pornographic materials, which may be prohibited to jail inmates, might be viewed as a violation of his privacy rights. His exhibit also indicates that he received administrative relief for his claim of denial of due process in that the "Officer's Reply" states, "you will be informed on the next one."

Mr. LaPiere is hereby given another brief opportunity to allege additional facts sufficient to state a federal constitutional claim against the proper defendants. In order to properly remove and add defendants and factual allegations or claims, Mr. LaPiere must file a complete Amended Complaint. He is forewarned that upon filing his Amended Complaint, his original complaint will be of no further effect, and any claims or allegations that he does not include in his Amended Complaint shall not be considered further. Thus, he must be certain to name the proper defendants as well as to include all his claims and allegations in his Amended Complaint.

In his response, plaintiff also requests the appointment of counsel. This request should have been made by separate motion

that stated grounds and included proof that plaintiff made an effort to obtain the services of counsel, without success. There is no entitlement to appointment of counsel in a civil rights action. The court finds that this motion should be denied at this juncture.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 30.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file a complete Amended Complaint that cures the deficiencies discussed herein, or suffer dismissal of this action.

**IT IS FURTHER ORDERED** that plaintiff's request for counsel is denied, without prejudice.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED.**

Dated this 23rd day of August, 2011, at Topeka, Kansas.

<pre>                                        s/Sam A. Crow
                                        U. S. Senior District Judge</pre>